RE: AD VALOREM ASSESSMENTS
ATTORNEY GENERAL LOVING HAS ASSIGNED YOUR OPINION REQUEST REGARDING ASSESSMENT RATIOS TO THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL. MY REVIEW OF THE REQUEST INDICATES THAT YOU ARE ASKING, ESSENTIALLY, TWO QUESTIONS:
 1. DOES THE OKLAHOMA STATE BOARD OF EQUALIZATION HAVE THE AUTHORITY TO MANDATE AN INCREASE IN AD VALOREM ASSESSMENT RATIOS?
 2. MAY THE STATE BOARD OF EQUALIZATION DESIGNATE THAT THE FUNDS GENERATED PURSUANT TO AN ASSESSMENT RATIO INCREASE SHALL BE USED EXCLUSIVELY BY COUNTY ASSESSORS TO IMPLEMENT A STATEWIDE ASSESSMENT SYSTEM?
YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW THEREFORE, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
ARTICLE X, SECTION 21 OF THE OKLAHOMA CONSTITUTION CREATES THE STATE BOARD OF EQUALIZATION, AND PROVIDES FOR ITS DUTIES:
 "A. THERE SHALL BE A STATE BOARD OF EQUALIZATION CONSISTING OF THE GOVERNOR, STATE AUDITOR, STATE TREASURER, LT. GOVERNOR, ATTORNEY GENERAL, STATE INSPECTOR AND EXAMINER AND PRESIDENT OF THE BOARD OF AGRICULTURE. THE DUTY OF SAID BOARD SHALL BE TO ADJUST AND EQUALIZE THE VALUATION OF REAL AND PERSONAL PROPERTY OF THE SEVERAL COUNTIES IN THE STATE, AND IT SHALL PERFORM SUCH OTHER DUTIES AS MAY BE PRESCRIBED BY LAW, AND THEY SHALL ASSESS ALL RAILROAD AND PUBLIC SERVICE CORPORATION PROPERTY.
 B. SHOULD THE OFFICES OF STATE EXAMINER AND INSPECTOR AND STATE AUDITOR BE CONSOLIDATED IN THE OFFICE OF STATE AUDITOR AND INSPECTOR, THE STATE AUDITOR SHALL BE REPLACED AS A MEMBER OF THE STATE BOARD OF EQUALIZATION BY THE STATE AUDITOR AND INSPECTOR AND THE SUPERINTENDENT OF PUBLIC INSTRUCTION SHALL BE ADDED AS A MEMBER THEREOF(.) (FOOTNOTES OMITTED.)
THE BOARD IS REQUIRED BY LAW TO HOLD A SESSION ON DECEMBER 1, OR THE FIRST WORKING DAY THEREAFTER, FOR THE PURPOSE OF EQUALIZING TAXABLE PROPERTY VALUES OF THE SEVERAL COUNTIES FOR THE NEXT FOLLOWING ASSESSMENT YEAR. 68 O.S. 2864(A) (1991). ALSO AT THIS MEETING, THE OKLAHOMA TAX COMMISSION IS REQUIRED TO SUBMIT ITS FINDINGS AS TO THE ADJUSTMENT AND EQUALIZATION OF THE VALUATION OF REAL AND PERSONAL PROPERTY OF THE VARIOUS COUNTIES. THIS IS DONE BY COMPUTING A RATIO COMPARING THE ASSESSED VALUE OF PROPERTY TO THE FULL OR FAIR CASH VALUE OF THE PROPERTY. 68 O.S. 2865(A) (1991). SUBSECTION B OF 2865 PROVIDES:
 "ALL DUTIES, POWERS AND AUTHORITY RELATING TO THE ADJUSTMENT AND EQUALIZATION OF THE VALUATION OF REAL AND PERSONAL PROPERTY OF THE SEVERAL COUNTIES OF THE STATE, SHALL BE VESTED IN THE OKLAHOMA TAX COMMISSION, EXCEPTING ONLY THE DUTIES, POWERS AND AUTHORITY OF THE STATE BOARD OF EQUALIZATION, AS FIXED AND DEFINED BY ARTICLE X, SECTION 21
OF THE OKLAHOMA CONSTITUTION.
 IN STATE. EX REL. POULOS V. STATE BOARD OF EQUALIZATION, 552 P.2D 1134 (OKLA.1975), THE OKLAHOMA SUPREME COURT RULED.IT IS THE CONSTITUTIONAL AND STATUTORY DUTY OF THE STATE BOARD OF EQUALIZATION TO ADJUST AND EQUALIZE THE VALUATION OF REAL AND PERSONAL PROPERTY OF THE SEVERAL COUNTIES IN THE STATE, AND THAT A SYSTEM WHICH DOES NOT EQUALIZE AD VALOREM ASSESSMENTS THROUGHOUT THE STATE IS UNFAIR AND DISCRIMINATORY. THE COURT FURTHER RULED THAT IT IS THE INTENTION OF THE OKLAHOMA LEGISLATURE TO EQUALIZE AD VALOREM ASSESSMENTS SO THAT EVERY PARCEL AND ITEM OF TAXABLE PROPERTY IN THE STATE WILL BE ASSESSED AT THE SAME PERCENTAGE OF ITS VALUE. IN 1982, IN A CASE BROUGHT BY THE SAME PLAINTIFF, THE COURT RULED THAT THE BOARD HAD CONTINUED TO FAIL TO ADOPT A STANDARD ASSESSMENT RATIO. STATE EX REL. POULOS V. STATE BOARD OF EQUALIZATION, 646 P.2D 1269, 1273 (OKLA.1982). THE COURT WENT ON TO SET A 12% RATIO WITH PERMISSIBLE DEVIATIONS OF NOT MORE THAN 3% AS BETWEEN AND AMONG THE VARIOUS COUNTIES. THE COURT DETERMINED THAT THE ABOVE RATIO, WITH DEVIATIONS, WAS "BASICALLY FAIR AND REASONABLE AND ALLOWS FOR INDIVIDUAL COUNTY ADJUSTMENTS WHICH MAY BE DETERMINED TO BE APPROPRIATE BY REASON OF A PARTICULAR COUNTY'S NEEDS."
THE COURT ACTED WHERE THE BOARD HAD FAILED TO ACT IN AN EFFORT TO INSURE THAT AD VALOREM TAXATION WAS FAIR, JUST AND REASONABLE. THE POULOS CASES, THE CONSTITUTION, AND STATUTES SHOW NO INTENT ON THE PART OF THE LEGISLATURE OR THE COURTS TO GIVE REVENUE GENERATION, AS OPPOSED TO EQUALIZATION, RESPONSIBILITIES TO THE STATE BOARD OF EQUALIZATION. IT IS IMPORTANT TO NOTE THAT THE COURT HAS NOT SPECIFICALLY RULED ON THE BOARD'S AUTHORITY O RAISE RATIOS TO GENERATE REVENUE. HOWEVER, GIVEN THE FACT THAT THE COURT HAS RULED THAT THE STATE BOARD SITS TO INSURE THAT TAXATION BE UNIFORM, IT IS MY OPINION THAT ANY INCREASE IN ASSESSMENT RATIO MANDATED BY THE STATE BOARD OF EQUALIZATION WOULD HAVE TO OCCUR FOR THE PURPOSE OF EQUALIZATION AS OPPOSED TO REVENUE ENHANCEMENT.
AS TO YOUR SECOND QUESTION, IT IS CLEAR THAT THE STATE BOARD OF EQUALIZATION LACKS THE POWER TO DESIGNATE THAT INCREASED TAXES BE USED EXCLUSIVELY BY COUNTY ASSESSORS. ARTICLE X, SECTION 9(A) OF THE OKLAHOMA CONSTITUTION PROVIDES, IN PERTINENT PART, THAT:
 "THE TOTAL TAXES FOR ALL PURPOSES ON AN AD VALOREM BASIS SHALL NOT EXCEED, IN ANY TAXABLE YEAR, FIFTEEN (15) MILLS ON THE DOLLAR, NO LESS THAN FIVE (5) MILLS OF WHICH IS HEREBY APPORTIONED FOR SCHOOL DISTRICT PURPOSES, THE REMAINDER TO APPORTIONED BETWEEN COUNTY, CITY, TOWN AND SCHOOL DISTRICT, BY THE EXCISE BOARD, UNTIL SUCH TIME AS A REGULAR APPORTIONMENT THEREOF IS OTHERWISE PROVIDED FOR BY THE LEGISLATURE."
IN ADDITION TO THE BASIC COUNTY LEVY PROVIDED FOR IN ARTICLE X, SECTION 9(A) OKLAHOMA LAW ALSO PROVIDES FOR LEVIES TO SUPPORT COMMON SCHOOLS, MUNICIPAL GOVERNMENT, AND VARIOUS SPECIAL DISTRICTS. THE BASIC COUNTY LEVY IS, PURSUANT TO ARTICLE X, SECTION 9(A) AND 68 O.S. 3006 (1991), TO BE APPORTIONED BY THE COUNTY EXCISE BOARD UNLESS AND UNTIL APPORTIONMENT IS OTHERWISE PROVIDED FOR BY THE LEGISLATURE. INCREASED FUNDING FOR THE ASSESSORS OFFICE REQUIRES EITHER AN ACTION OF THE COUNTY EXCISE BOARD OR STATE LEGISLATURE. THE STATE BOARD OF EQUALIZATION HAS NO CONSTITUTIONAL OR STATUTORY AUTHORITY TO APPROPRIATE OR APPORTION FUNDS, AND IN FACT, THIS POWER HAS BEEN RESERVED UNTO THE COUNTY EXCISE BOARD AND LEGISLATURE.
IN CONCLUSION, IT IS MY OPINION THAT THE STATE BOARD OF EQUALIZATION MAY MANDATE AN INCREASE IN AD VALOREM ASSESSMENT RATIOS WHERE SUCH INCREASE IS ORDERED TO EFFECT EQUALIZATION OF TAXABLE VALUATION AMONG THE VARIOUS COUNTIES. FURTHER, IT IS MY OPINION THAT THE STATE BOARD OF EQUALIZATION LACKS AUTHORITY TO DESIGNATE THAT FUNDS GENERATED PURSUANT TO AN INCREASED ASSESSMENT RATIO MAY BE USED EXCLUSIVELY BY COUNTY ASSESSORS.
(DOUGLAS F. PRICE)